```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - -X

IRVING H. PICARD, Trustee for the
Liquidation of Bernard L. Madoff
Investment Securities LLC,

                Plaintiff,             09 Civ. 7275 (LLS)

        - against -

COHMAD SECURITIES CORPORATION,
MAURICE J. COHN and MARCIA B. COHN,

                Defendants.
- - - - - - - - - - - - - - - - - - - - -X

IRVING H. PICARD, Trustee for the
Liquidation of Bernard L. Madoff
Investment Securities LLC,

                Plaintiff,             09 Civ. 7655 (LLS)

        - against -                    Opinion and Order

ROBERT M. JAFFE,

                Defendant.
- - - - - - - - - - - - - - - - - - - - -X
```

The above captions and Civil Action index numbers reflect no more than that these are independent applications seeking identical relief: withdrawal to this District Court of parts of litigation pending in the Bankruptcy Court.

Cohmad Securities Corporation ("Cohmad"), Maurice J. Cohn, Marcia B. Cohn, and Robert M. Jaffe, named as defendants in each of an adversary proceeding in the Bankruptcy Court and a Securities and Exchange Commission enforcement action in this District Court,

move under 28 U.S.C. § 157(d) to withdraw the reference to the Bankruptcy Court of the claims against them in the adversary proceeding.[1] Both those actions involve the Ponzi fraud perpetrated by Bernard L. Madoff through the investment advisory segment of Bernard L. Madoff Investment Securities LLC ("BLMIS"). Irving H. Picard, Esq., the trustee for the liquidation of BLMIS and Madoff under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq., brought the adversary proceeding, Adv. Pro. No. 09-1305 (BRL), in the Bankruptcy Court under federal and state bankruptcy laws against thirty defendants, including the four movants. The SEC brought the enforcement action, Civil Action No. 09 Civ. 5680 (LLS), in the District Court under the federal securities laws, against only the four movants Cohmad, Maurice and Marcia Cohn, and Jaffe. They now seek to sever the bankruptcy claims against them in the Bankruptcy Court and remove those claims to this District Court where they would be consolidated with the pending federal securities claims against those movants.

Movants argue that the evidence underlying the claims against them in the two courts overlaps, and thus the claims should be litigated in a single court to conserve the courts' and parties'

---

1   The district court has original jurisdiction over bankruptcy cases. See 28 U.S.C. § 1334(a). However, the district court may refer all bankruptcy cases and any or all proceedings arising under, in, or related to bankruptcy cases, to the bankruptcy court. See id. § 157(a). Under a July 10, 1984 General Order of the District Court for the Southern District of New York, all such cases and proceedings are automatically referred to the Bankruptcy Court for this district. By "withdrawal of the reference," a district judge may remove all or part of a case or proceeding from the bankruptcy court and return it to the district court. See id. § 157(d).

resources and avoid inconsistent results.  The bankruptcy adversary proceeding is in a preliminary stage, with significant discovery and motion practice remaining to be done.  Movants do not consent to a jury trial in the Bankruptcy Court, so the District Court will conduct the jury trial if it is required after all pretrial proceedings have been concluded.[2]  Nevertheless, there is no dispute that the claims against movants in the adversary proceeding are "core" matters, and "hearing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues."  In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993).

The issue is whether transferring the claims against these four out of thirty defendants from the Bankruptcy Court to the District Court now would promote judicial efficiency and be in the best interests of the parties.

The plaintiff in each court alleges that Cohmad participated in Madoff's fraudulent scheme by recruiting clients for BLMIS, for which BLMIS paid Cohmad (of which the Cohns and Jaffe are each an alleged owner and officer) and its employees over $100 million.  The complaints allege that the movants were aware of sufficient indications or evidence of Madoff's fraud to justify treating them as participants in the fraudulent scheme, and the suits seek

---

2   See 28 U.S.C. § 157(e), requiring consent of all the parties for bankruptcy judge to conduct jury trial.

recovery of BLMIS's payments to them.  Thus, relevant transactions and evidence in both cases do overlap.

However, the twenty-six adversary proceeding defendants other than the movants are not named in the District Court enforcement action, and would remain in the adversary proceeding in the Bankruptcy Court.  They are eight additional Cohmad employees, and movants' and other Cohmad employees' family members and affiliated entities.

The claims against all thirty present defendants (including movants) in the adversary proceeding have common issues of fact and law.

In that proceeding, trustee Picard alleges that Maurice and Marcia Cohn, Jaffe, and the eight other Cohmad employees (to whom he refers collectively as the "Cohmad Representatives") recruited clients for BLMIS and held themselves out as BLMIS employees while aware of the evidence of Madoff's fraud, for which BLMIS paid them and their agents finders' fees, either directly or indirectly through Cohmad.  Picard asserts claims under the bankruptcy laws to recover the finders' fees, and subsequent transfers thereof, as avoidable transfers.  Thus, even if such claims against the four movants are taken to the District Court, the same claims will proceed against the Cohmad defendants remaining in the bankruptcy case.  No effective separation of the overlapping evidence will have been accomplished by removing the four movants to the District Court.

- 4 -

Picard also asserts claims under the bankruptcy laws to recover monies withdrawn from BLMIS accounts owned wholly or partly by movants and certain other defendants in the bankruptcy case, including Maurice Cohn's wife, Marilyn Cohn, and brother, Milton Cohn, and M/A/S Capital Corporation ("M/A/S"), of which Jaffe is the President and his wife and children are directors.  He claims that those defendants, as investors in BLMIS, drew funds out of their investment accounts at times when they were on notice of the fraud, or were under the control of the movants or Cohmad defendants, and that he is entitled to recover those withdrawals for the benefit of Madoff's victims.  Therefore, movants' knowledge and conduct will remain at issue in the Bankruptcy Court for claims against the defendants they allegedly controlled, even if Picard's direct claims against them are removed to the District Court.

Thus, withdrawal of the claims against movants would not substantially diminish the duplication of discovery in the two courts:  it would proceed substantially as before against the remaining defendants in the Bankruptcy Court. For the same reason, the theoretical risk of inconsistent results would not be substantially reduced.  Nor would the present litigation in the District Court be simplified by the addition of bankruptcy-law claims to the federal securities law claims against these four defendants.  However, the Bankruptcy Court's ability to provide effective relief on the claims before it might be impaired and complicated by the absence of significant participants in the

transactions with which it is concerned.

Accordingly, while there are concerns which favor withdrawal of the reference, one cannot conclude that on balance it would result in improved judicial efficiency or reduced costs.

## CONCLUSION

The motion to withdraw the reference of the claims against Cohmad, Maurice and Marcia Cohn, and Jaffe is denied. The parties shall notify the Honorable Burton R. Lifland forthwith.

The Clerk is directed to close these Civil Action Numbers 09 Civ. 7275 (LLS) and 09 Civ. 7655 (LLS).

So ordered.

Dated: New York, New York
       December 9, 2009

                                    _____
                                    LOUIS L. STANTON
                                        U.S.D.J.